UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**LABORDE EARLES LAW FIRM, LLC**         **CASE NO. 6:21-CV-04154**

**VERSUS**                                **JUDGE S. MAURICE HICKS, JR.**

**MORRIS BART, III ET AL**                **MAGISTRATE JUDGE DAVID J. AYO**

### MEMORANDUM RULING

Before this Court is a Motion to Compel (Rec. Doc. 37) filed by Defendant Morris Bart, LLC.[1] Plaintiff Laborde Earles Law Firm, LLC filed an opposition to the motion, (Rec. Doc. 40), to which Bart filed a reply, (Rec. Doc. 41), and to which Laborde filed a sur-reply (Rec. Doc. 47). For the reasons below, the motion is DENIED AS MOOT.

This case is a dispute between two plaintiff personal injury law firms wherein Laborde seeks a declaratory judgment that it is not engaging in trademark infringement, unfair competition, and/or dilution in connection with the phrase "WE'RE ALWAYS ON YOUR SIDE" and the mark "ON MY SIDE." (Complaint, Rec. Doc. 1 at Preamble). Laborde contends that it has been using the mark "ON MY SIDE" for over seven years. (*Id*. at ¶8). Laborde acknowledged using the mark "WE'RE ALWAYS ON YOUR SIDE" in advertising but had ceased using it. (*Id*. at ¶11). According to the Complaint, the phrase "I'M ON YOUR SIDE" is registered to Bart. (*Id*. at ¶12). In October 2021, Bart issued a demand letter to Laborde accusing Laborde of infringing on Bart's mark and demanding that Laborde cease using the phrase "WE'RE ALWAYS ON YOUR SIDE" and mark "ON MY SIDE." (*Id*. at ¶13). Laborde seeks a declaratory judgment that its use of the mark "ON MY SIDE" and phrase "WE'RE ALWAYS ON YOUR SIDE" does not infringe on any intellectual property right claimed by

---

[1] The instant motion was filed only on behalf of Morris Bart, LLC. However, Morris Bart, III is also named as a defendant. The discovery requests at issue were propounded on behalf of Morris Bart, LLC.

Bart. (*Id*. at 4). Laborde also seeks a declaratory judgment that Bart is barred by laches due to Bart's alleged knowledge of Laborde's use of "ON MY SIDE." (*Id*. at 5).

In answer to the Complaint, Bart included a counterclaim against Laborde alleging that the use of "WE'RE ALWAYS ON YOUR SIDE" and "ON MY SIDE" caused actual confusion among consumers given that those terms were "confusingly similar" to the mark "I'M ON YOUR SIDE" used by Bart. (Rec. Doc. 14 at ¶13). Bart asserts causes of action for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1); trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); trademark dilution under the Louisiana Antidilution Statute, La. R.S. 51:223.1; and state law unfair trade practices under La. R.S. 51:1401 *et seq*. Bart seeks injunctive relief, actual damages, treble damages, and attorneys' fees and costs. (*Id*. at 13-14).

In the instant motion, Bart contends that Laborde failed to respond timely to 24 interrogatories and 37 requests for production. (Rec. Doc. 37-1 at 2). According to Bart, the effect of Laborde's alleged failure to respond timely was to hinder Bart in complying with the deadlines set in the scheduling order. In response, Laborde asserts that its delay in responding to Bart's discovery was due to delay on Bart's counsel's part in providing comments to a proposed confidentiality/protective order that Laborde's counsel had circulated. (Rec. Doc. 40). The opposition noted Bart's counsel's agreement to the terms of the protective order subsequent to the filing of the instant motion. (*Id*. at ¶11). In a reply, Bart acknowledged that Laborde had provided responses on December 8, 2022 and "that the discovery relief sought by its Motion to Compel has been technically mooted." (Rec. Doc. 41 at 5). Bart requested that its motion be denied as moot but maintained its claim for attorneys' fees and costs. (*Id*.).[2] With leave of court

---

[2] Bart sought $750 in attorneys' fees in its original motion but increased the request to $1,000 in the reply. (Rec. Doc. 41 at 3 n. 1).

granted, (Rec. Doc. 46), Laborde filed a sur-reply arguing that attorneys' fees should not be awarded on a moot motion and mentioning that Bart owed Laborde discovery responses of its own. (Rec. Doc. 47).

As the motion currently stands, the only remaining issue to be resolved is Bart's request for attorneys' fees. Bart cites Fed. R. Civ. P. 37(a)(5)(A) which mandates an award of expenses, including attorneys' fees, "[i]f the motion is granted—*or if the disclosure or requested discovery is provided after the motion was filed. . . .*" (emphasis added). Rule 37(a)(5)(A) contains three instances where a court *must* not order the payment of fees and expenses:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Laborde's sur-reply contends that fees and expenses should not be ordered under Rule 37(a)(5)(A)(i).

Based on the circumstances, the Court finds that an award of attorneys' fees would not be appropriate. According to Laborde, its response to Bart's production was premised on having a protective order in place. (Rec. Doc. 40 at ¶4). Bart's requests seek information such as Laborde's marketing expenses, number of new firm clients per year, and amount of revenue per year and were propounded to Laborde's counsel on September 8, 2022. (Rec. Doc. 37-1 at 1). Laborde's counsel emailed Bart's counsel the next day and attached Laborde's first set of interrogatories and requests for production, a draft of the Rule 26(f) report, a proposed discovery order, and a proposed protective order. (Rec. Doc. 40-1). In a November 16, 2022 email, Laborde's counsel informed Bart's counsel that he had information to produce but that some of it

was confidential business information that could not be produced until a protective order was in place. (Rec. Doc. 40-3).

It was understandable that Laborde would be reluctant to produce its confidential business information without a protective order in place. Both parties are sophisticated and successful law firms, and Bart's discovery did request confidential business information from Laborde. As stated above, a protective order was agreed to by the parties,[3] approved by the Court, and entered in the record. Laborde provided responses, presumably subject to that protective order. The Court finds compelling the fact that Laborde proposed the entry of a protective order—and circulated a draft—the day after Bart propounded its discovery requests. Had the protective order been executed and presented to the Court earlier, Bart could have received its responses in a timely fashion, obviating the need for the instant motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). These circumstances further make an award of fees and expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). *See generally Leevac Shipbuilders, LLC v. Westchester Surplus Lines Ins. Co.*, 2015 WL 224890 at *6 (W.D. La.) (denying request for fees and costs as unjust upon finding that delay was substantially justified and that defendant "acted in good faith throughout the discovery process"); *Hornsby v. USAA Cas. Ins. Co.*, 2021 WL 1257185 at *4 (W.D. La.) (denying request for fees and costs requested by plaintiff when plaintiff had not agreed to insurer's original proposed protective order as to certain documents).

---

[3] This suggests that Bart agreed that good cause existed for the entry of a protective order.

For the foregoing reasons, the Motion to Compel filed by Morris Bart, LLC (Rec. Doc. 37) is hereby **DENIED AS MOOT** and the request for attorneys' fees and expenses is hereby **DENIED**.

**SIGNED** this 6th day of April, 2023 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**